UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PETER J. KAUFFMAN,            )
                              )
    Plaintiff,                )
                              )
v.                            )   Case No. 02-4068
                              )
FEDERAL EXPRESS CORPORATION,  )
                              )
    Defendant.                )

## O R D E R

This matter is now before the Court on several pending motions. For the reasons set forth below, Defendant's Motion to Strike Jury Demand [#63] is DENIED. Plaintiff's Motion for Reinstatement [#60] is DENIED, and Defendant's Motion to Strike Motion for Reinstatement [#65] is MOOT. Defendant's Motion for Partial Summary Judgment [#67] is DENIED, and this matter remains set for trial.

### DISCUSSION

I.    Motion to Strike Jury Demand

Defendant has moved to strike Plaintiff's jury demand. In support of this request, Defendant asserts that "the only matters to be tried are damages, specifically the equitable remedies set forth in 29 U.S.C. § 2617(a) of back pay, reinstatement, front pay in lieu of reinstatement, liquidated damages and attorneys' fees." The Court respectfully disagrees.

Section 2617 of the FMLA provides that an employer who has violated § 2615 of the FMLA shall be liable for appropriate equitable relief, as well as damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost as a result of the violation. 29 U.S.C. §§ 2517(a)(1)(A)(i)(I) and (B). Where there has not

been a loss of wages, salary, benefits, or compensation, an employee may recover actual monetary losses, interest, and liquidated damages in addition to appropriate equitable relief. 29 U.S.C. § 2617(a)(1)(A)(i)(II).

While Defendant is correct that equitable relief is a question for the Court, the FMLA clearly intends the question of lost wages, salary, benefits, and compensation to be treated as compensatory damages, which are traditionally a jury determination. Although the Seventh Circuit has not specifically addressed this issue, the appellate courts in this circuit and other circuits have affirmed FMLA cases where the jury awarded compensatory damages. *See* Haschmann v. Time Warner Entertainment Company, L.P., 151 F.3d 591, 593 (7th Cir. 1998); Hite v. Vermeer Mfg. Co., 446 F.3d 858, 869-70 (8th Cir. 2006); Voyles v. Louisville Transportation Co., 136 Fed.Appx. 836, 838 (6th Cir. 2005); Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 959 (10th Cir. 2002). Accordingly, the elements of compensatory damages will be determined by a jury, and any equitable relief will be determined by the Court.

II. Motion for Reinstatement and Motion to Strike

Plaintiff has filed a document entitled Motion for Reinstatement, in which Plaintiff asks the Court to order that he be immediately reinstated to his former position in light of the fact that Defendant's liability for violating the FMLA has been established, and Defendant has refused to discuss the question of reinstatement absent an order from the Court. Defendant has moved to strike the Motion, arguing that Plaintiff is not automatically entitled to reinstatement. Rather, the question of whether he should be reinstated is a fact-intensive inquiry that must be determined at trial and cannot properly be ordered in the form presented by Plaintiff.

It is clear that reinstatement is an available remedy under the FMLA. *See* 29 U.S.C. § 2617(a)(1)(B). That being said, while reinstatement is a presumed remedy where feasible, it is not a foregone conclusion that can be made in the absence of factual findings at trial, as the presumption of reinstatement can be overcome by a showing that the result of reinstatement would be a working relationship fraught with hostility and friction. Hutchison v. Amateur Elec.Supply, Inc., 42 F.3d 1037, 1045-46 (7th Cir. 1994); Bruso v. United Airlines, 239 F.3d 848, 861-62 (7th Cir. 2001).

Genuine issues of material fact remain with respect to the question of damages that must be resolved by the trier of fact. Thus, Plaintiff is not entitled to the entry of judgment prior to trial. Plaintiff's Motion for Reinstatement is therefore denied without prejudice to seeking the same relief at trial, and Defendant's Motion to Strike Plaintiff's Motion for Reinstatement is moot.

### III.  Motion for Partial Summary Judgment

Defendant has moved for partial summary judgment, asking the Court to rule that under the undisputed facts of this case, reinstatement is both unavailable and inadvisable. Plaintiff has filed his response, and the matter is now fully briefed.

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." Id. at 2553. Any doubt as to the

existence of a genuine issue for trial is resolved against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986).  Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial.  Celotex Corp., 106 S.Ct. at 2553.  This Court must then determine whether there is a need for trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party.  Anderson, 106 S.Ct. at 2511; Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

In opposing Plaintiff's Motion for Reinstatement, Defendant argued that it was entitled to a trial on the issue of whether reinstatement is an appropriate remedy under the facts of this case.  Now, Defendant has taken the opposite position and suggests that the record is essentially undisputed.  With all due respect, the Court disagrees.  Although it is abundantly clear that Defendant does not want Plaintiff back as an employee, Defendant's animosity is not dispositive on the question of reinstatement.

In considering whether reinstatement is appropriate in a particular case, the Court must balance several factors including: (1) was there evidence of friction in the relationship before the plaintiff sued; (2) whether the working relationship would be fraught with hostility and friction if plaintiff returned; (3) would the court likely become embroiled in future

disputes between plaintiff and defendant; (4) would plaintiff's superiors be confident and respectful with respect to plaintiff; (5) would plaintiff be reinstated to a management position; (6) would plaintiff's supervisor be the same individual who previously discriminated against him; and (7) is there a position available for plaintiff?  Bruso, 239 F.3d at 861-62.

      While Defendant has certainly set forth a set of facts suggesting that Kauffman was a problem employee, would not be welcomed back by certain members of its management staff, would have an acrimonious relationship with superiors, and would be under some of the same managers that were there at the time of his termination, these facts are disputed. Kauffman is not a manager, but rather would be one of thousands of hourly couriers in a large corporation having little to no daily interaction with Defendant's management hierarchy.  Tim Crownover, who was Kauffman's direct supervisor and made the determination to terminate his employment, is no longer in a management position and would not supervise him in any way.  Kauffman has also introduced evidence suggesting that other employees are not opposed to his reinstatement and that his reinstatement would not be disruptive or bad for the company.

      While Defendant has painted a picture that if accepted as true would suggest that reinstatement may not be an appropriate remedy in this case, the Court must construe all facts and reasonable inferences in the light most favorable to Kauffman as the non-moving party in resolving a motion for summary judgment.  In this case, the question of whether Kauffman should be reinstated involves the resolution of disputed issues of fact and the assessment of the credibility of witnesses, both of which are plainly inappropriate on summary judgment. Accordingly, Defendant's Motion for Partial Summary Judgment [must

be denied, and the question of what damages and equitable relief should be awarded to Kauffman will be resolved at trial.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Strike Jury Demand [#63] is DENIED. Plaintiff's Motion for Order of Reinstatement [#60] is DENIED without prejudice to resolving the issue at trial, and Defendant's Motion to Strike Motion for Order of Reinstatement [#65] is therefore MOOT. Defendant's Motion for Partial Summary Judgment on the Issue of Reinstatement [#67] is DENIED. This matter is now ready for final pretrial conference, which will be held as scheduled on November 17, 2006, at 11:00 a.m. in person in Rock Island.

ENTERED this 7th day of November, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
