## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER J. KAUFFMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 02-4068 |
| FEDERAL EXPRESS CORPORATION, | ) ) ) |
| Defendant. | ) |

### O R D E R

This matter is now before the Court on Plaintiff's Motion in Limine and to Strike Expert's Report.  For the reasons set forth below, the Motion [#89] is DENIED.

### DISCUSSION

Plaintiff moves to exclude Defendant's expert witness on mitigation, Steve Mootz ("Mootz"), and also to strike the expert report authored by him.  In support of this Motion, Plaintiff argues that Mootz lacks a degree in an area relevant to his proposed area of expertise, has no teaching experience, has never published any scholarly work, is not a member of any professional association, has never testified in court, did not draft or research the first part of the report submitted, failed to provide a majority of the source documentation, failed to follow the guidelines of the vocational tool from the U.S. Department of Labor, and failed to meet with Plaintiff.

The Court's role in determining the admissibility of expert testimony is that of a gatekeeper.  General Electric Co. v. Joiner,  522 U.S. 136, 118 S.Ct. 512, 517 (1997); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).  In performing this role, the Court must determine whether the expert testimony in question meets two essential

requirements: (1) it must be based on scientific, technical, or other specialized knowledge and (2) it must assist the trier of fact in understanding the evidence or determining a fact in issue.  Daubert, 509 U.S. at 592; Fed. R. Evid. 702.

In Smith v. Ford Motor Company, 215 F.3d 713, 719 (7th Cir. 2000), the Seventh Circuit stated:

> In analyzing the reliability of proposed expert testimony, the role of the court is to determine whether the expert is qualified in the relevant field and to examine the methodology the expert has used in reaching [her] conclusions. . . .
>
> A court's reliability analysis does not end with its conclusion that an expert is qualified to testify about a given matter.  Even "[a] supremely qualified expert cannot waltz into the courtroom and render opinions unless those opinions are based upon some scientific method."  Clark v. Takata Corp., 192 F.3d 750, 759 n.5 (7th Cir. 1999).  However, we emphasize that the court's gatekeeping function focuses on an examination of the expert's methodology.  The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact, or, where appropriate, on summary judgment.  See Daubert, 509 U.S. at 595, 113 S.Ct. 2786 ("The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate."); Walker, 208 F.3d at 587 (stating that when addressing whether expert testimony is reliable the district court should not consider the "factual underpinnings" of the testimony but should determine whether "[i]t was appropriate for [the expert] to rely on the test that he administered and upon the sources of information he employed.")

In Daubert, the Supreme Court outlined four factors that may be pertinent to a district court's analysis of expert testimony.  Those traditional factors are:  (1) "whether [the expert's theory] can (and has been tested)"; (2) "whether the theory or technique has been subject to peer review and publication"; (3) "the known or potential rate of error"; and (4) "general acceptance" among the relevant scientific community."  Daubert, 509 U.S. at 593-

94.     However, as the Supreme Court and Seventh Circuit have repeatedly emphasized, this Rule 702 inquiry is a flexible one and no single factor is either required in the analysis or dispositive as to its outcome.  *See, e.g.,* Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 141 (1999); Smith v. Ford Motor Co., 215 F.3d at 719.

Mootz was retained to provide an evaluation of Plaintiff's efforts to secure employment after his termination from FedEx in January 2002, as well as a labor market survey of local job availabilities in the years 2002, 2005, and 2006 that would have given Plaintiff the opportunity for employment following his termination.  Mootz has a bachelor's degree in psychology and a master's degree in rehabilitation counseling.  He is a Qualified Rehabilitation Consultant and Certified Rehabilitation Counselor.  Since 2002, he has been a vocation case manager, with duties including meeting with clients (about 98% of whom are from workers compensation related issues), conducting an initial evaluation and interview to assess their skills and the available jobs for those skills, and follow-up with labor market research.

Mootz has specialized skills and experience in the areas of vocational management, job placement, labor market surveys, and transferrable skills evaluation.  While much of his experience has been specifically related to rehabilitation and placement following a work-related injury, Plaintiff has not established that the skills and expertise utilized in evaluating and placing those individuals is not equivalent or applicable to evaluating and placing an uninjured individual, and there is no obvious reason to make such an assumption.  To the contrary, Mootz has testified that the issues and procedures involved in job placement evaluation are essentially the same regardless of whether there has been an injury.

Although Mootz has never testified as an expert in either state or federal court, he has prepared expert reports in approximately 100 cases since 2002, and Plaintiff has cited no binding precedent indicating that an expert witness must have prior experience testifying in court in order to be qualified to give expert testimony. Plaintiff has likewise failed to offer authority in support of his suggestion that a lack of membership in professional organizations or scholarly works requires disqualification. Accordingly, the Court must reject the attack on Mootz' qualifications to present an expert opinion on Plaintiff's job search efforts following his termination in this case.

In this case, the case file was initially assigned to Deb Girard ("Girard"), who completed a draft of the report and labor market research for 2006. Girard's draft was transferred to Mootz, who then did the research for the years 2002 and 2005 and combined that information with Girard's work to form his final report. Plaintiff takes issue with the fact that some of the materials and portions of the final report were actually prepared by someone other than Mootz. However, Plaintiff does not dispute Defendant's representation that Mootz reviewed the work performed by Girard, adopted her findings, and incorporated them into his final product and cites no authority for the proposition that an expert cannot review and adopt research or analysis performed by another individual. Accordingly, this argument does not warrant the exclusion of Mootz' testimony or report.

Plaintiff next argues that Mootz' testimony should be excluded because he did not personally meet with Plaintiff as part of his assessment and evaluation. Aside from Mootz' testimony that he will meet with the individuals that he is assessing a majority of the time, Plaintiff has provided no authority establishing that the failure to meet personally with an individual renders the resulting vocational assessment fundamentally unreliable. Nor has

Plaintiff offered any evidence or authority to dispute Mootz' testimony that he obtained most of the necessary information that would normally be obtained in the interview process from Plaintiff's interrogatory responses and a draft copy of Plaintiff's deposition testimony or his indication that not meeting with the Plaintiff caused no problems in his assessment and evaluation in this case. While Plaintiff can certainly make this point during cross-examination of the expert, and the jury will determine what effect, if any, it has on the weight to be given to Mootz' testimony, it goes to weight rather than admissibility and does not warrant the exclusion of the witness.

Finally, Plaintiff makes the brief assertion that Mootz failed to follow Department of Labor O*Net recommendations in the selection of possible jobs that Plaintiff could have performed, as over half of the jobs that he listed were either posted at a time when Plaintiff was employed, required licensing that Plaintiff did not possess, or involved fields for which Plaintiff was unqualified due to a complete lack of experience. However, there is no explanation of what these recommendations are or evidence establishing that the failure to comply with the recommendations violates some established practice in the field or somehow renders the opinion so unreliable that it becomes inadmissible. Accordingly, the Court must again conclude that this argument goes to weight rather than admissibility and deny Plaintiff's Motion in its entirety.

## CONCLUSION

Based on the record now before it, the Court cannot find that Mootz' testimony is based upon insufficient facts or data, is not the product of reliable principles/methods, or that the principles/methods have not been reliably applied to the facts in this case. As

Mootz' testimony is based on specialized knowledge and experience and will be helpful to the jury, Plaintiff's Motion in Limine and to Strike Expert's Report [#89] is DENIED.

ENTERED this 5th day of April, 2007.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
